## Case No. 12,741.

SHEEPSHANKS v. BOYER.

[Baldw. 462.] 1

Circuit Court, E. D. Pennsylvania. April. 1827.

JUDGMENT — DEFAULT — IRREGULARLY ENTERED — AFFIDAVIT.

An affidavit of merits is not necessary on a motion to set aside a judgment by default irregularly entered. When the counsel of a defendant in ejectment requested the clerk to enter his appearance, who promised to do it. a subsequent judgment by default on a rule to plead in twenty days is irregular.

[Cited in Keysei v. Fendall, 5 D. C. 52.]

The declaration was served on the 11th of April; a rule to plead in twenty days or judgment was entered, and on the 4th of May, on proof of personal service of the declaration, judgment was entered, and habere facias possessionem issued. On the 16th of October. 1827, Mr. Rawle, Jun., moved to set aside, on his affidavit, that before any entry of judgment, he called on the clerk, and directed him to enter an appearance for the defendant, which he promised to do.

The motion was opposed by Mr. Chauncey, on the ground that the judgment was regular, and the defendant had not made an affidavit of merits.

BY THE COURT. An affidavit of merits is necessary where the defendant is in default and the judgment is entered pursuant to the rules of the court. Here there was no default; the application to the clerk, and his promise to enter an appearance, are equivalent to an appearance; the attorney was not bound to enter his appearance on the docket, and though the plaintiff's counsel did not know of the application, yet as he takes judgment at his own risk, he cannot retain it under such circumstances. The judgment and execution must be set aside.